UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICHOLAS G. CHRISTAKIS, <br><br> Plaintiff <br><br> v. <br><br> MARK BURNETT PRODUCTIONS, INC., MARK BURNETT, TRUMP PRODUCTIONS LLC, AND DONALD TRUMP, <br><br> Defendants | **AMENDED COMPLAINT & JURY DEMAND** <br><br> CASE NUMBER: 1:06-cv-11149-RCL |

Now comes the Plaintiff, Nicholas G. Christakis, by and through Pro Se, and for cause of action states as follows:

**I.   Parties**

1.  Plaintiff, Nicholas G. Christakis (hereinafter referred to as "Christakis"), is an individual and a resident of the Commonwealth of Massachusetts with an address of 4 Vasa Street, Billerica, Middlesex County, Massachusetts.

2.  Defendant, Mark Burnett Productions, Inc. (hereinafter referred to as "MBP"), and is a corporation duly organized under the laws of the State of California with its principal place of business located PMB 208, 9899 Santa Monica Blvd., Beverly Hills, California, 90212.

3.  Defendant, Mark Burnett (hereinafter referred to as "Burnett"), is a resident of the State of California.

4.  Defendant, Trump Productions LLC (hereinafter referred to as "TPL"), is a Limited Liability Company organized and existing under the laws of the state of Delaware, with its principal place of business at 725 5th Avenue, NY 10022.

5.  Defendant, Donald Trump (hereinafter referred to as "Trump"), is a resident of the State of New York.

## II. Jurisdiction and Venue

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the parties are located diverse states and the amount in controversy exceeds $75,000.

7. Venue is proper in this court under 28 U.S.C. § 1391 in diversity actions, and venue is proper in which the claim arose.

## III. The Facts

8. On the 25th of July 2003, Plaintiff Christakis was chosen as a finalist for the Mark Burnett Production show, which was co-produced with Donald Trump and called The Apprentice ("Apprentice").

9. MBP received over 200,000 to 1 million applications consisting of many eligible individuals for the Apprentice.

10. On or about August 2003, Christakis was flown to Santa Monica, California by MBP for the final selection in connection with further eligibility for an appearance on said show.

11. It was a prerequisite by MBP, Burnett, TPL and Trump that in order to qualify and become a contestant for the NBC show Apprentice, a contestant would need the following qualifications: (1) to be entrepreneur, (2) the ability to bounce back, (3) a drive to succeed and (4) to be resilient.

12. MBP selected 50 finalists to stay one week at the Marriott Hotel in Santa Monica, so they could "reserve" 16 contestants for the Apprentice.

13. Because I, ("Christakis") was a finalist in California for the Apprentice show, MBP, Mark Burnett and its affiliates had personally interviewed me.

14. Plaintiff fully complied with all of the Defendants' obligations, rules and regulations with respect to the credentials and requirements of the show.

15. Defendant TPL and Trump were not at the final casting where MBP and Mark Burnett personally handled the interviews and final qualifications to be selected for the 16 remaining contestants.

16. I "Christakis" had to fill out additional applications and submit to a psychological test while in California.

17. After I, "Christakis" fully complied with all questions asked by MBP, Mark Burnett and the psychologist, Mark Burnett and MBP had improperly defamed, slandered and libeled Plaintiff before the casting crew.

18. As a result of the acts of MBP, Mark Burnett, TPL and Donald Trump, I, ("Christakis") and his operations have suffered serious detrimental effects.

19. After Defendants utilized improper business practices and ethics to systematically disqualify Plaintiff from the Apprentice, Defendants sent Plaintiff home, back to Massachusetts.

20. Christakis fulfilled all obligations and prerequisites under the qualifications for the Apprentice.

## COUNT I
## TORTIOUS INTERFERENCE WITH AN ADVANTAGEOUS RELATIONSHIP AND UNFAIR TRADE PRACTICES

21. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 8 to 20, of the Complaint as if expressly rewritten and set forth herein.

22. MBP, Mark Burnett, TPL and Donald Trump tortiously interfered with an advantageous relationship by interfering with Christakis' interviews, passing judgment upon his credentials by conspiring with Defendants' affiliates and contacts.

23. As a result of MBP, Mark Burnett, TPL and Trump tortiously interfering with an advantageous relationship, Christakis has sustained damages of not less than an estimated $250,000,000.00.

24. Plaintiff reserves his right to increase this amount should his losses and damages ultimately be in excess thereof.

## COUNT II
## UNFAIR TRADE ACTS AND PRACTICES

25. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 8 to 24 of the Complaint as if expressly rewritten and set forth herein.

26. MBP, Mark Burnett, TPL and Trump presented themselves toward Christakis under the violation of unfair trade practices. As a result of MBP, Mark

Burnett, TPL and Trump's unfair trade practices, Christakis has sustained damages of not less than $250,000,000.00.

## COUNT III
## FRAUDULENT INDUCEMENT

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs 8 to 26, as if expressly rewritten and set forth herein.

28. Upon information and belief, MBP, Mark Burnett, TPL and Trump willfully and knowingly represented to Christakis that to qualify you needed the following qualifications: to be entrepreneur, the ability to bounce back, and a drive to succeed and to be resilient, as aforementioned.

29. The representations made by MBP, Mark Burnett, TPL, and Trump as set forth above were false, and known by MBP, Mark Burnett, TPL and Trump to be false when made.

30. Upon information and belief, the representations made by MBP, Mark Burnett, TPL and Trump as set forth above were intended to induce Christakis to rely upon them, to enter into an agreement and perform those obligations that the Plaintiff was capable of performing thereunder.

31. Christakis justifiably relied upon false representations made by MBP, Mark Burnett, TPL and Trump to his detriment.

32. By reason of the foregoing, Christakis has been damaged in an amount to be determined at trial, but believed to be not less than $250,000,000.00, together with punitive damages.

## COUNT IV
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

33. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 8 to 32, of the Complaint as if expressly rewritten and set forth herein.

34. Christakis performed all duties and requirements required of him to receive an appearance on the Apprentice.

35. MBP, Mark Burnett, TPL and Donald Trump discharged Christakis in an attempt to avoid securing an appearance on the Apprentice.

36. By the above conduct the Defendants breached the covenant of good faith and fair dealing.

37. As a result of Defendants' breach and the covenant of good faith and fair dealing, Christakis has sustained damages of not less than an estimation of $250,000,000.00.

## COUNT V
## DETRIMENTAL RELIANCE, PROMISSORY ESTOPPEL

38. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 8 to 37, of the Complaint as if expressly rewritten and set forth herein.

39. Christakis reasonably expected the above promises and statements by MBP, Mark Burnett, TPL and Trump to induce Christakis to continue the application and interviewing process to become a contestant on the Apprentice and become Trump's Apprentice.

40. Christakis did rely on Defendants' promises and representations. Such reliance was reasonable under the circumstances. Christakis continued the application and interviewing process.

41. By reason of the foregoing, Christakis has been damaged in an amount to be determined at trial, but believed to be not less than $250,000,000.00, together with punitive damages.

## COUNT VI
## DEFAMATION

42. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 8 to 41, of the Complaint as if expressly rewritten and set forth herein.

43. Christakis alleges that MBP, Mark Burnett, TPL and Trump have engaged in a pattern of conduct in August 2003, designed to defame Christakis.

44. Christakis claims that that MBP, Burnett, TPL and Trump's actions were untruthful and has caused him damages.

45. As a direct and proximate cause of MBP, Burnett, TPL and Trump's pattern of defamation, Christakis has suffered actual harm, impairment of reputation, personal humiliation, shame and disgrace.

46.     Christakis alleges special damages as a result of MBP, Burnett, TPL and Trump's defamation, having an economic value including loss of existing advantages and loss of future advantages.

*WHEREFORE*, Plaintiff prays that judgment in the amount of not less than $250,000,000.00 be entered in favor of Plaintiff and against the Defendants, joint and severally, together with interests, costs and any such other relief as in law and justice the Plaintiff may be entitled to receive.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED IN THIS COMPLAINT.**

Wherefore, the Plaintiff, Nicholas G. Christakis demands judgment against the Defendants in a full, fair and adequate amount, together with costs.

NICHOLAS G. CHRISTAKIS, PRO SE
4 Vasa Street
Billerica, MA 01862
(978) 767-5689
Nick@speedydollars.com

Dated: July 15, 2006